UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JASMINA FUENTES
and other similarly-situated individuals,

      Plaintiff(s),

v.

COLOR FACTORY, INC.,
GREAT PAINTING CORP.,
BL EXCLUSIVE PAINTING SERVICES CORP,
CARLOS C. SAMPAIO,
ALEJANDRA VEGA MAYA,
and JHOAN BASTARDO LINARES, individually

      Defendants,

_____/

## COLLECTIVE/CLASS ACTION COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff JASMINA FUENTES, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants COLOR FACTORY, INC., GREAT PAINTING CORP., BL EXCLUSIVE PAINTING SERVICES CORP, and CARLOS C. SAMPAIO, ALEJANDRA VEGA, MAYA, and JHOAN BASTARDO LINARES, individually and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid regular and overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff JASMINA FUENTES is a resident of Miami-Dade County within the jurisdiction of this Court. Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant COLOR FACTORY, INC. (hereinafter COLOR FACTORY, or Defendant) is a Florida corporation having a place of business in Dade and Broward County, Florida. At all times, Defendant was engaged in interstate commerce.

4. Corporate Defendant GREAT PAINTING CORP. (hereinafter GREAT PAINTING, or Defendant) is a Florida Profit Corporation having offices in Hallandale and performing business in Dade and Broward County. At all times, Defendant was engaged in interstate commerce.

5. Corporate Defendant BL EXCLUSIVE PAINTING SERVICES CORP (hereinafter BL EXCLUSIVE PAINTING, or Defendant) is a Florida Profit Corporation having offices in Hallandale and performing business in Dade and Broward County. At all times, Defendant was engaged in interstate commerce.

6. The individual Defendant, CARLOS C. SAMPAIO, is the owner/partner/ and manager of COLOR FACTORY. This individual Defendant is the employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d).

7. The individual Defendants, ALEJANDRA VEGA MAYA and JHOAN BASTARDO LINARES, are the owners/partners and managers of Defendant Corporations GREAT PAINTING and BL EXCLUSIVE PAINTING. These individual Defendants are the employers of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d).

8. Pursuant to 29 U.S.C. § 203 (r)(1) and pursuant to 29 C.F.R. §791.2., Corporate Defendants COLOR FACTORY, GREAT PAINTING, and BL EXCLUSIVE PAINTING are a joint enterprise and joint employers of Plaintiff.

9. All the actions raised in this Complaint took place in Dade County, Florida, within this Court's jurisdiction.

<u>GENERAL ALLEGATIONS</u>

10. This cause of action is brought by Plaintiff JASMINA FUENTES to recover from Defendants unpaid regular wages and overtime compensation, liquidated damages, retaliatory damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

11. Defendants COLOR FACTORY, GREAT PAINTING, and BL EXCLUSIVE PAINTING are construction contractors specializing in painting services for residential and commercial accounts.

12. Corporate Defendant COLOR FACTORY has offices located at 680 S Military Trail, Deerfield Beach, Broward County, Florida 33442. COLOR FACTORY is the main contractor for the painting project of Acqualina Luxury Beach Resort.

13. GREAT PAINTING and BL EXCLUSIVE PAINTING have offices located at 15 Palm Avenue, Hallandale, Florida 33009, and they are sub-contractors of COLOR FACTORY.

14. Corporate Defendants COLOR FACTORY, GREAT PAINTING, and BL EXCLUSIVE PAINTING worked in the renovation project of Acqualina Luxury Beach Resort and Residences located at 17875 Collins Avenue, Sunny Isles Beach, Florida 33160, where Plaintiff and other similarly situated individuals worked.

15. Pursuant to 29 U.S.C. § 203 (r)(1), Defendants COLOR FACTORY, GREAT PAINTING, and BL EXCLUSIVE PAINTING are a joint enterprise because: 1) the three companies have the same business activities; 2) the three companies shared centralized management, equipment, and supplies; 3) Defendants operated as a single unit for a common business purpose; 4) between Defendants existed unified operation and common control, and they operated as a single unit; 5) Defendants shared a common business purpose, the profitable operation of the businesses; 6) Defendants had an interdependent financial interest; 7) and existed common ownership and management.

16. Pursuant 29 C.F.R. §791.2. Defendants COLOR FACTORY, GREAT PAINTING, and  BL EXCLUSIVE PAINTING were joint employers because: 1) Corporate Defendants were equally responsible for the work done at Acqualina Resort, where Plaintiff and the other similarly situated employees worked; 2) Defendants through their owners/managers CARLOS C. SAMPAIO ALEJANDRA VEGA MAYA, and JHOAN BASTARDO LINARES had equal and absolute control over the Plaintiff and other employees similarly situated; 3) Defendants through their management jointly and equally determined terms and employment conditions of Plaintiff and other employees similarly situated; 4) the work performed by Plaintiff and other similarly situated individuals was an integral part of the business operation of Corporate Defendants; 5) Corporate Defendants had equal power to hire and to fire employees from COLOR FACTORY, GREAT PAINTING, and BL EXCLUSIVE PAINTING; 6) Individual Defendants CARLOS C. SAMPAIO, ALEJANDRA VEGA MAYA, and JHOAN BASTARDO LINARES, personally supervised schedules, and times records of Plaintiff and other similarly situated individuals; 7) Individual Defendants CARLOS C. SAMPAIO,

ALEJANDRA VEGA MAYA, and JHOAN BASTARDO LINARES supervised operations wearing Color Factory's uniforms.

17. Therefore, because the work performed by Plaintiff and other similarly situated individuals simultaneously benefited all Defendants and directly or indirectly furthered their joint interest, Defendants COLOR FACTORY, GREAT PAINTING, and BL EXCLUSIVE PAINTING are a joint enterprise as defined in 29 U.S.C. § 203 (r)(1). They are also joint employers as defined in 29 C.F.R. §791.2.

18. Therefore, because the work performed by Plaintiff and other similarly-situated individuals simultaneously benefited all Defendants and directly or indirectly furthered their joint interest, and because Corporate Defendants equally hired and fired employees, supervised and controlled Plaintiff's work schedules, maintained employment records of Plaintiff and other similarly situated individuals, Defendants COLOR FACTORY, GREAT PAINTING, and BL EXCLUSIVE PAINTING a joint enterprise as defined in 29 U.S.C. § 203 (r)(1), and they are also joint employers as defined in 29 C.F.R. §791.2.

19. Defendants COLOR FACTORY, GREAT PAINTING, and BL EXCLUSIVE PAINTING are also the joint employers of Plaintiff and other similarly situated employees under the FLSA's broad definition of "employer" (29 U.S.C. §203 (d)), and they are jointly liable for Plaintiff's damages.

20. Defendants COLOR FACTORY, GREAT PAINTING, and BL EXCLUSIVE PAINTING hereinafter will be called collectively COLOR FACTORY.

21. Defendant COLOR FACTORY was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a painting company that provides painting services to commercial clients engaged in the hospitality industry.

Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the combined annual gross revenue of the Employer/Defendant was at all times in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

22. Plaintiff and those similarly-situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly-situated through their daily activities, participated in interstate commerce by providing services to clients engaged in interstate commerce. In addition, Plaintiff regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

23. Defendants COLOR FACTORY, CARLOS C. SAMPAIO, ALEJANDRA VEGA, MAYA, and JHOAN BASTARDO LINARES employed Plaintiff JASMINA FUENTES as a non-exempted full-time hourly employee from approximately October 01, 2021, to February 11, 2022, or 19 weeks.

24. Plaintiff was hired as a painter, and her primary duty was caulking before painting. Plaintiff had a wage rate of $14.00 an hour.

25. While employed by Defendants, Plaintiff worked more than 40 hours every week, but she was not paid for all her regular and overtime hours worked.

26. Plaintiff had a regular and mandatory schedule, and she worked six days per week. Plaintiff worked from 7:30 AM to 4:30 PM (9 hours daily) from Monday to Friday. Sometimes, Plaintiff

worked later. On Saturdays, Plaintiff worked from 7:30 AM to 1:30 PM (6 hours). Plaintiff worked a minimum of 51 hours weekly.

27. Plaintiff was unable to take bonafide lunch breaks, but Defendants deducted from Plaintiff'working hours 1 hour per day as lunchtime, even though Plaintiff ate while working.

28. These unproperly deducted lunch hours constitute 6 additional unpaid overtime hours weekly.

29. Plaintiff was paid bi-weekly for 40 hours or less. Sometimes, Plaintiff was paid for a partial number of overtime hours, but at her regular rate.

30. There were many weeks when Plaintiff and other similarly situated individuals showed up for work as required. While on duty in the work site, if the work was interrupted or delayed for any reason, Defendants did not count the time spent waiting as working time and deducted those hours from Plaintiff's total number of working hours. Due to this practice, Plaintiff was paid for less than 40 regular hours weekly, and she was not paid for all her overtime hours.

31. There was a substantial number of working hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate as required by law.

32. Plaintiff did not clock in and out, but Defendants (employee Liliget Acuna) signed timesheets for Plaintiff and other similarly situated individuals. Plaintiff and other similarly situated individuals worked under the supervision of CARLOS C. SAMPAIO ALEJANDRA VEGA MAYA and JHOAN BASTARDO LINARES. These individual Defendants were in complete control of Plaintiff's schedule and time records. Defendants knew the actual number of hours that Plaintiff and other similarly situated individuals were working.

33. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of 29 U.S.C. §206 states (a) of the Fair Labor Standards Act. Defendants also failed to pay Plaintiff overtime wages at the rate of time and a half her regular rate for every hour that she worked in

excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

34. Plaintiff was paid bi-weekly with company checks from GREAT PAINTING and BL EXCLUSIVE PAINTING, without any paystub or records showing basic information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

35. Plaintiff complained verbally many times to Liliget Acuna and at least twice to ALEJANDRA VEGA MAYA. Plaintiff complained about missing regular hours and missing payment for overtime hours. Plaintiff always received the same answer: "If you do not like it, you can leave."

36. On or about February 3, 2022, Plaintiff complained for the last time to ALEJANDRA VEGA MAYA. Plaintiff complained about the same issues, unpaid regular and overtime wages. Plaintiff received the same answer.

37. As a direct result of these complaints, on or about Sunday, February 13, 2022, Defendant ALEJANDRA VEGA MAYA fired Plaintiff.

38. At the time of her termination, Plaintiff was not paid a total of 4 weeks of work, consisting of her last 2 weeks, plus the value of 2 weeks of work that were paid with bad checks.

39. At times mentioned, individual Defendants CARLOS C. SAMPAIO, ALEJANDRA VEGA MAYA, and JHOAN BASTARDO LINARES were the owners/partners and managers of COLOR FACTORY. The individual Defendants CARLOS C. SAMPAIO, ALEJANDRA VEGA, MAYA, and JHOAN BASTARDO LINARES were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of the Corporation in relation to its employees, including Plaintiff and others similarly situated.

Defendants CARLOS C. SAMPAIO, ALEJANDRA VEGA MAYA, and JHOAN BASTARDO LINARES had financial and operational control of the business, determining terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for Plaintiff's damages.

40. Plaintiff is not in possession of time and payment records, but she will provide a good faith estimate of unpaid wages based on her recollections. Plaintiff will amend her Complaint accordingly when Defendants produce time and payment records.

41. Plaintiff JASMINA FUENTES intends to recover regular unpaid regular wages and overtime wages for every hour in excess of 40 in a week, liquidated damages, retaliatory damages, and any other relief as allowable by law.

42. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid minimum wages and overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

<u>**COUNT I:**</u>
<u>**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**</u>
<u>**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**</u>

43. Plaintiff JASMINA FUENTES re-adopts every factual allegation as stated in paragraphs 1-42 above as if set out in full herein.

44. This cause of action is brought by Plaintiff JASMINA FUENTES   as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former

employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after October 2021, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

45. Defendants COLOR FACTORY, CARLOS C. SAMPAIO, ALEJANDRA VEGA MAYA, and JHOAN BASTARDO LINARES employed Plaintiff JASMINA FUENTES as a non-exempted full-time hourly employee from approximately October 01, 2021, to February 11, 2022, or 19 weeks.

46. Plaintiff was hired as a painter, and her main duty was caulking before painting. Plaintiff had a wage rate of $14.00 an hour. Plaintiff's overtime rate should be $21.00 an hour.

47. While employed by Defendants, Plaintiff worked more than 40 hours every week, but she was not paid for all her regular and overtime hours worked.

48. Plaintiff had a regular and mandatory schedule, and she worked six days per week, a minimum of 51 hours. Defendants deducted from Plaintiff's total number of working hours 1 hour per day as lunchtime, even though Plaintiff was unable to take bonafide lunch breaks and ate while working.

49. These unproperly deducted lunch hours constitute 6 additional unpaid overtime hours.

50. Plaintiff was paid bi-weekly for 40 hours or less. Sometimes, Plaintiff was paid for a partial number of overtime hours, but at her regular rate.

51. There were many weeks in which Plaintiff and other similarly situated individuals showed up for work as required, and while on duty at the work site, if the work was interrupted or delayed for any reason, Defendants did not count the time spent waiting as working time and deducted

those hours from Plaintiff's working hours. Due to this practice, Plaintiff was not paid for all her overtime hours.

52. Plaintiff did not clock in and out, but Defendants signed in and out timesheets for her. Defendants were in complete control of Plaintiff's schedule and time records. Defendants knew the actual number of hours that Plaintiff and other similarly situated individuals were working.

53. Therefore, Defendants willfully failed to pay Plaintiff overtime wages at the rate of time and a half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

54. Plaintiff was paid bi-weekly with company checks from GREAT PAINTING and BL EXCLUSIVE PAINTING, without any paystub or records showing basic information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

55. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated and the compensation actually paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

56. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

57. Defendants never posted any notice to inform employees of their federal rights to overtime and minimum wage payments as required by the Fair Labor Standards Act and Federal Law.

58. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

59. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

* Please note that this amount is based on preliminary calculations and that these figures are subjected to modifications as discovery could dictate. Plaintiff will adjust her calculations as needed.

a.  <u>Total amount of alleged unpaid O/T wages</u>:

Six Thousand Seven Hundred Eighty-Three Dollars and 00/100 ($6,783.00)

b.  <u>Calculation of such wages</u>:
Total weeks of employment:  19 weeks
Total relevant weeks of employment: 19 weeks
Total number of hours worked: 51 hours
Total number of unpaid overtime hours: 11
Regular rate:  $14.00 an hour x 1.5= $21.00
Overtime rate:  $21.00

1.- O/T rate $21.00 x 11 O/T hours=$231.00 weekly x19 weeks=$4,389.00

2.- O/T rate $21.00 x 6 O/T lunch hours=$126.00 weekly x 19 weeks=$2,394.00

Total #1 and #2: $6,783.00

<u>Nature of wages (e.g., overtime or straight time)</u>:

This amount represents unpaid overtime wages.[1]

60. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act. Still, no provision was made by the Defendants to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

61. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

62. Defendants COLOR FACTORY, CARLOS C. SAMPAIO, ALEJANDRA VEGA MAYA, and JHOAN BASTARDO LINARES willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

63. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JASMINA FUENTES and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff JASMINA FUENTES and other similarly situated individuals and against the Defendants COLOR FACTORY, CARLOS C. SAMPAIO, ALEJANDRA VEGA MAYA, and JHOAN BASTARDO LINARES, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff JASMINA FUENTES actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff JASMINA FUENTES demands trial by jury of all issues triable as of right by jury.

## **COUNT II:**

## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

64. Plaintiff JASMINA FUENTES re-adopts every factual allegation as stated in paragraphs 1-42 of this Complaint as if set out in full herein.

65. This action is brought by Plaintiff JASMINA FUENTES and those similarly-situated to recover from the Employer COLOR FACTORY unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

66. Defendant COLOR FACTORY was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).

67. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

68. 29 U.S.C. §206 states (a), "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

69. Defendants COLOR FACTORY, CARLOS C. SAMPAIO, ALEJANDRA VEG, MAYA, and JHOAN BASTARDO LINARES employed Plaintiff JASMINA FUENTES as a non-exempted full-time hourly employee from approximately October 01, 2021, to February 11, 2022, or 19 weeks.

70. Plaintiff was hired as a painter, and her primary duty was caulking before painting. Plaintiff had a wage rate of $14.00 an hour.

71. While employed by Defendants, Plaintiff worked more than 40 hours every week, but she was not paid for all her regular and overtime hours worked.

72. Plaintiff had a regular and mandatory schedule, and she worked six days per week, a minimum of 51 hours weekly.

73. Plaintiff was unable to take bonafide lunch breaks, but Defendants deducted from Plaintiff working hours 1 hour per day as lunchtime, even though Plaintiff ate while working.

74. There were many weeks when Plaintiff and other similarly situated individuals showed up for work as required, and while on duty at the work site, if the work was interrupted or delayed for any reason, Defendants did not count the time spent waiting as working time and deducted those hours from Plaintiff's total number of working hours. Due to this practice, Plaintiff was paid for less than 40 regular hours, and she was not paid for all her overtime hours.

75. There was a substantial number of working hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate as required by law.

76. In addition, Plaintiff was fired on or about February 13, 2022, and at the time of her firing, Defendants did not pay Plaintiff the equivalence of 4 weeks of employment. Defendants gave Plaintiff bad checks but never reimbursed her for the value of those checks.

77. Plaintiff did not clock in and out, but Defendants (employee Liliget Acuna) signed timesheets for Plaintiff and other regularly situated individuals. Plaintiff and other similarly situated individuals worked under the supervision of CARLOS C. SAMPAIO ALEJANDRA VEGA MAYA, and JHOAN BASTARDO LINARES. These individual Defendants were in complete

control of Plaintiff's schedule and time records, and they knew the actual number of hours that Plaintiff and other similarly situated individuals were working.

78. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of 29 U.S.C. §206 states (a) of the Fair Labor Standards Act.

79. Plaintiff was paid bi-weekly with company checks from GREAT PAINTING and BL EXCLUSIVE PAINTING, without any paystub or records showing basic information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

80. The records, if any, concerning the number of hours worked by Plaintiff JASMINA FUENTES and all other similarly-situated employees and the compensation paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

81. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

82. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

83. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

84. Plaintiff is not in possession of time and payment records, but without the benefit of discovery, she is claiming an average of 5 regular unpaid hours for every week that she worked for Defendants. Plaintiff will amend her Complaint accordingly.

85. At the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

a.   <u>Total amount of alleged unpaid wages</u>:

Two    Thousand    Five    Hundred    Fifty    Dollars    and    00/100    ($2,550.00)

b.   <u>Calculation of such wages</u>:

Total weeks of employment:  19 weeks
Total relevant weeks of employment: 19 weeks
Total hours worked: 40 hours weekly
Total regular unpaid hours: 5 hours weekly
Total unpaid weeks:   5 weeks
Florida minimum wage 2022:  $10.00

1.- Unpaid Minimum wages for 5 hours weekly  for 19 weeks
2022 Fl. Min.wage $10.00 x 5 hrs.= $50.00 weekly x 19 weeks=$950.00

2.- Unpaid Minimum wages for 4 weeks of regular wages (Bad checks)
2022 Fl. Min.wage $10.00 x 40 hrs.=$400.00 weekly x 4 weeks=$1.600.00

Total #1 and #2: $2,550.00

c.   <u>Nature of wages</u>:

This amount represents unpaid minimum wages at the Florida minimum wage rate.[2]

86. Defendants COLOR FACTORY, CARLOS C. SAMPAIO, ALEJANDRA VEGA, MAYA,

and JHOAN BASTARDO LINARES unlawfully failed to pay Plaintiff minimum wages.

87. Defendants knew and showed reckless disregard of the provisions of the Act concerning the

payment of minimum wages as required by the Fair Labor Standards Act and remain owing

Plaintiff and those similarly-situated these minimum wages since the commencement of

Plaintiff and those similarly-situated employee's employment with Defendants as set forth

above, and Plaintiff and those similarly-situated are entitled to recover double damages.

88. Defendants COLOR FACTORY, CARLOS C. SAMPAIO, ALEJANDRA VEGA, MAYA,

and JHOAN BASTARDO LINARES willfully and intentionally refused to pay Plaintiff

---

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

minimum wages at the rate of time and one-half her regular rate, as required by the law of the United States, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff JASMINA FUENTES and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff JASMINA FUENTES and against the Defendants COLOR FACTORY, CARLOS C. SAMPAIO, ALEJANDRA VEGA MAYA, and JHOAN BASTARDO LINARES based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff JASMINA FUENTES and those similarly situated demand trial by jury of all issues triable as a right by jury.

<u>**COUNT III:**</u>
<u>**FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)**</u>
<u>**RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS**</u>

89. Plaintiff JASMINA FUENTES re-adopts every factual allegation as stated in paragraphs 1-42 of this Complaint as if set out in full herein.

90. Defendant COLOR FACTORY was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).

91. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

92. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

93. 29 U.S.C. § 206 (a) (1) states, "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

94. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

95. Defendants COLOR FACTORY, CARLOS C. SAMPAIO, ALEJANDRA VEGA MAYA, and JHOAN BASTARDO LINARES employed Plaintiff JASMINA FUENTES as a non-exempted full-time hourly employee from approximately October 01, 2021, to February 11, 2022, or 19 weeks.

96. Plaintiff was hired as a painter, and her primary duty was caulking before painting. Plaintiff had a wage rate of $14.00 an hour.

97. While employed by Defendants, Plaintiff worked more than 40 hours every week, but she was not paid for all her regular and overtime hours worked.

98. Plaintiff had a regular and mandatory schedule, and she worked six days per week, a minimum of 51 hours weekly. Plaintiff was unable to take bonafide lunch breaks, but Defendants deducted from Plaintiff working hours 1 hour per day as lunchtime, even though Plaintiff ate while working.

99. These unproperly deducted lunch hours constitute 6 additional unpaid overtime hours.

100.     Plaintiff was paid bi-weekly for 40 hours or less. Sometimes, Plaintiff was paid for a partial number of overtime hours, but at her regular rate.

101.     There were many weeks when Plaintiff and other similarly situated individuals showed up for work as required, and while on duty at the worksite, if the work was interrupted or delayed for any reason, Defendants did not count the time spent waiting as working time and deducted those hours from Plaintiff's total number of working hours. Due to this practice, Plaintiff was paid for less than 40 regular hours, and she was not paid for all her overtime hours every week.

102.     There was a substantial number of working hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate as required by law.

103.     Plaintiff did not clock in and out, but Defendants (employee Liliget Acuna) signed timesheets for Plaintiff and other regularly situated individuals. Defendants were in complete control of Plaintiff's schedule and time records, and they knew the real number of hours that Plaintiff and other similarly situated individuals were working.

104.     Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of 29 U.S.C. §206 states (a) of the Fair Labor Standards Act. Defendants also failed to pay Plaintiff overtime wages at the rate of time and a half her regular rate for every hour that she

worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

105.     Plaintiff complained verbally many times to Liliget Acuna and at least twice to ALEJANDRA VEGA MAYA. Plaintiff complained about missing regular hours and missing payment for overtime hours. Plaintiff received the same answer: "If you do not like it, you can leave."

106.     On or about February 3, 2022, Plaintiff complained to ALEJANDRA VEGA MAYA for the last time. Plaintiff complained about the same issues, unpaid regular and overtime hours. Plaintiff received the same answer.

107.     These complaints constituted protected activity under the Fair Labor Standards Act.

108.     However, as a direct result of these complaints, on or about Sunday, February 13, 2022, Defendant ALEJANDRA VEGA MAYA fired Plaintiff. This adverse action was totally unexpected for Plaintiff.

109.     At the time of her termination, Plaintiff was not paid for a total of 4 weeks of work, consisting of her last 2 weeks of work plus the value of 2 previous workweeks paid to Plaintiff with bad checks.

110.     At all times during her employment with Defendants, Plaintiff performed her duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

111.     There is closed proximity between Plaintiff's last protected activity and her termination.

112.     Defendants COLOR FACTORY, CARLOS C. SAMPAIO, ALEJANDRA VEGA MAYA, and JHOAN BASTARDO LINARES   willfully and intentionally refused to pay

Plaintiff regular and overtime wages as required by the laws of the United States and then retaliated against Plaintiff by firing her.

113.     The motivating factor which caused Plaintiff's discharge as described above was the complaint seeking overtime wages from the Defendants. In other words, Plaintiff would not have been discharged but for her complaints about overtime wages.

114.     The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3), and as a direct result, Plaintiff has been damaged.

115.     Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff JASMINA FUENTES respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants COLOR FACTORY, CARLOS C. SAMPAIO, ALEJANDRA VEGA MAYA, and JHOAN BASTARDO LINARES, that Plaintiff JASMINA FUENTES recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff JASMINA FUENTES further prays for such additional relief as the interests of justice may require.

<u>JURY DEMAND</u>

Plaintiff JASMINA FUENTES demands trial by jury of all issues triable as of right by jury.

Date:  November 29, 2022.

<div style="margin-left:50%">

Respectfully submitted,


By:  <u>/s/ **Zandro E. Palma**</u>
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*

</div>